**Mary GLOVER, et al., Plaintiffs,**

v.

**Perry JOHNSON, et al., Defendants.**

**No. 77–CV–71229.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 25, 1994.

---

Deborah LaBelle, Martin Geer, Detroit, MI, for plaintiffs.

David Edick, Asst. Atty. Gen., Corrections Div., Lansing, MI, for defendants.

### OPINION AND ORDER

FEIKENS, District Judge.

### I. BACKGROUND

In a recent hearing,[1] it was brought to my attention by the plaintiff class that legal assistance to female inmates in constitutional and civil rights actions related to the inmates' incarceration ("§ 1983" cases[2]) was being phased out at the insistence of the Michigan Department of Corrections ("defen-

---

1. August 16, 1994, re: Plaintiffs' Motion to Compel Compliance and Set Penalties for Defendants' Contempt in Failing to Comply With This Court's Order of May 6, 1994.

2. 42 U.S.C.A. § 1983 (West 1981).

dant").[3] I raised the point with defendant's counsel and was told that, although the current contract does provide for and fund such services through September 30, 1994,[4] defendant has changed its position on the provision of legal assistance in § 1983 cases pursuant to my Opinion and Order of April 29, 1994, ("April 1994 Opinion") involving defendant's obligation to provide legal assistance to the plaintiff class in parental rights matters.

In an effort to clarify this issue and the appropriate reading of my April 1994 Opinion, I invited defendant to brief the issue and to have a hearing. Defendant waived its right to a hearing and indicated that a letter would be sent, in lieu of a motion or brief, discussing its position. In lieu of sending the letter, defendant's counsel argued its position in a conference call between the court and plaintiffs' counsel.[5] Essentially, defendant argues that because my April 1994 Opinion concluded that *Knop* and *Hadix*[6] involved legal assistance for male inmates and did not enlarge nor limit the scope of legal assistance to be provided to women inmates,[7] there is no obligation to provide legal assistance in constitutional and civil rights actions because *Knop* and *Hadix* does not apply to women inmates. Although no motion is before the court, the court will clarify defendant's obligation to women inmates, as relates to the provision of legal assistance in constitutional and civil rights actions related to incarceration.

## II. *DEFENDANT'S OBLIGATION*

Defendant's argument is based entirely on the presumption that the right to § 1983 legal assistance was established in *Knop* and *Hadix*. Thus if *Knop* and *Hadix* does not

apply to the scope of legal assistance provided to female inmates, the plaintiff class does not have a right to § 1983 legal assistance. The error in defendant's argument is that the right to legal assistance in § 1983 cases did not begin with *Knop* and *Hadix*. The U.S. Supreme Court established this right in *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In *Wolff,* the Supreme Court affirmed the decision of the court of appeals extending the state's duty to provide legal access to include not only habeas corpus actions, but constitutional and civil rights matters as well,

> "The right of access to the courts, upon which *Avery* [8] was premised, is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of *fundamental constitutional rights.* It is futile to contend that the Civil Rights Act of 1871 has less importance in our constitutional scheme than does the Great Writ.... Finding no reasonable distinction between the two forms of actions, we affirm the Court of Appeals on this point....

Id. at 579, 94 S.Ct. at 2986. (Emphasis Added.)

To the extent that defendant interprets my April 1994, Opinion as excluding § 1983 cases from the types of cases in which female inmates may receive legal assistance, they are misguided. The duty was established by the Supreme Court and is grounded in the U.S. Constitution. Nothing I have ever said erases this right. The state does have an obligation to provide legal assistance, through PLSM or some other provider, in cases involving constitutional rights and oth-

---

3. Prison Legal Services of Michigan ("PLSM") provides legal assistance to women inmates in the Michigan prison system. PLSM is currently prohibited by defendant from opening any new cases and was requested to close out any existing cases by the end of the current contract period, September 30, 1994. (Letter from Paul Maloney to Sandra Girard of July 15, 1994.)

4. Defendant has, in fact, paid the current contract in full. (Test. of Sandra Girard, August 16, 1994.)

5. The conference call took place on August 23, 1994 and was put on the record.

6. *Knop v. Johnson,* 977 F.2d 996 (6th Cir.1992). This decision consolidated the appeal in two class actions, *Knop v. Johnson* and *Hadix v. Johnson.* The case is referred to as *"Knop* and *Hadix"* throughout this opinion.

7. April 1994 Opinion at 8.

8. *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

er civil rights actions related to an inmate's incarceration.

IT IS SO ORDERED.